UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY J. BRODZKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TARRANT COUNTY SHERIFF, ) <br> ) <br> Defendant. ) <br> ) | 2:12-cv-00040-JCM -VCF <br><br> **O R D E R** |

Before the court are plaintiff Anthony J. Brodzki's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.    *In Forma Pauperis* Application**

In plaintiff Brodzki's application (#1), he asserts that he has zero income, "borrowed [$]300 [from] [P]eter [B]rodzki," must pay back $7,800 plus interest, and owes $300 to "hhsb" and $752 to capital one. Although plaintiff Brodzki has not provided the court with his monthly expenses, the court recognizes that plaintiff Brodzki has been granted *in forma pauperis* status in a previous action before this court. (*Brodzki v. Station Casinos, Inc.,* Case No. 2:11-cv-01851-PMP-VCF). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.   Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff alleges civil rights violations under 42 U.S.C. § 1983. (#1-1). A claim under this statute invokes the Court's federal jurisdiction.

Plaintiff asserts violations of 42 U.S.C. 1983, and the 1st, 4th, 5th, and 14th Amendments. (#1-1). To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes."

*Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government.  See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).  Plaintiff's complaint alleges claims against the Sheriff of Tarrant County. (#1-1).  Therefore he satisfies the first requirement. *Monroe*, 365 U.S. 167.

With regard to the second requirement, it is unclear how the Sheriff of Tarrant County violated plaintiff's rights.  Plaintiff does not allege facts that support a claim for a violation of his freedom of speech, religion, press, assembly, or petition (1st Amendment), a violation of his rights against illegal search and seizure (4th Amendment), a violation of his rights against self-incrimination, due process, or double jeopardy (5th Amendment), or a violation of his rights under the due process clause or the equal protection clause, as he does not state that he is being treated differently due to race, gender, etc. (14th Amendment). (#1-1).  Therefore, plaintiff does not satisfy the second requirement to state a claim under § 1983.  See *Gibson,* 781 F.2d 1334, 1338; *West,* 487 U.S. 42, 48; *Long,* 442 F.3d 1178, 1185.

### B.     Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Here, plaintiff asserts damages of $50,000,000. (#1-1).  Therefore, he has satisfied the first requirement.  See 28 U.S.C. § 1332.  Plaintiff states that he is a citizen of Tarrant County, Texas, and the court can conclude that defendant Sheriff Anderson is a citizen of Tarrant County, Texas as well.  (#1-1).  Therefore, as the two parties are citizens of the same state, plaintiff has not established diversity of citizenship.  *Huddleston v. Angeles Co-op Creamery,* 315 F.Supp. 307 (W.D. Wash. 1970)(stating that for diversity purposes, domicile is determines as of the date the action is filed.).

As the court does not have jurisdiction over this action under 28 U.S.C. § 1331 or § 1332, the plaintiff's complaint (#1-1) is dismissed *without prejudice*. Plaintiff will, however, be given an opportunity to amend his Complaint. In addition to curing the deficiencies listed above, the amended complaint must be filed on the civil rights template provided by this court's website[1].

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Anthony J. Brodzki's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (#1-1).

IT IS FURTHER ORDERED that the complaint (#1-1) shall be dismissed *without prejudice*.

IT IS FURTHER ORDERED that plaintiff, if he chooses to do so, must file an amended complaint not later than 30 days from the date he receives this order, or the case may be dismissed *with prejudice*. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

DATED this 27th day of January, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff shall visit this court's website at www.nvd.uscourts.gov and click on "Pro Se Assistance Packet" for the court's instructions on how to properly file a *pro se* complaint.