# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ANTHONY J. BRODZKI, | ) |
| | ) |
|       Plaintiff, | ) |
| | )  2:12-cv-00040-JCM -VCF |
| v. | ) |
| | )  **MOTION FOR** |
| | **)  INFORMATION** (#9) |
| TARRANT COUNTY SHERIFF, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

# REPORT & RECOMMENDATION

Before the court is plaintiff Anthony J. Brodzki's Motion For Information. (#9). In the present motion, styled as a letter to the Judge, plaintiff asserts that "[d]uring our phone conversation, [the Judge] mentioned some pain that referred to disorientation equipment used since [plaintiff] was living in Vegas." *Id*. Plaintiff asserts that a device is torturing him, and asks the Judge to "please shut off this torture table..." *Id.*

The court has not engaged in a telephone conversation with plaintiff, and plaintiff is advised that *ex parte* communications, such as telephone conversations, are not permitted. *See* Local Rule 7-6(a)(stating that "[n]either party nor counsel for any party shall make an *ex parte* communication with the Court except as specifically permitted by these Rules."). Communications between the court and counsel or parties shall be limited to written documents filed through the court's CMECF system, unless otherwise ordered by the court.

The only communication the court has had with plaintiff was via court orders (#3, #6, and #8) and a telephonic hearing held on January 27, 2012 (#5). During the telephonic hearing, the court did

not discuss any torture device with the plaintiff. *Id.* The court granted plaintiff's motion to proceed *in forma pauperis* (#1), dismissed the complaint without prejudice, and advised that plaintiff could file an amended complaint within thirty days. *Id.* Plaintiff asked the court a question, but did not mention a torture device. *Id.* The court advised plaintiff to consult with an attorney, and stated that the court could not appoint an attorney in a civil matter such as this. *Id.*

On February 13, 2012, plaintiff filed a motion for temporary restraining order to stop electronic torture. (#7). On February 14, 2012, the court denied the motion, and held that, among other things, plaintiff "has not provided "specific facts [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."" (#8). In plaintiff's present motion (#9), he references the same torture but does not provide the court with any specific facts other than those contained in plaintiff's motion for temporary restraining order (#7).

Since the plaintiff is asking the court to "shut off" or stop actions of individuals without giving the individuals an opportunity to respond, the court treats the present motion as one for a temporary restraining order. See *Winter v. N.R.D.C.,* 555 U.S. 7 (2008). As the court has not been provided with adequate facts to warrant the court stopping certain actions, the present motion (#9) is denied. *Id.* at 20(holding that a party seeking a temporary restraining order must demonstrate (1) a likelihood of success on the merits; (2) possibility of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.).

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff Anthony J. Brodzki's Motion For Information (#9) be DENIED.

DATED this 26th day of March, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**