UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BRODZKI,<br><br>        Plaintiff,<br><br>v.<br><br>TARRANT COUNTY SHERIFF,<br><br>        Defendant. | 2:12-CV-40 JCM (VCF) |

**ORDER**

Presently before the court is *pro se* plaintiff Anthony J. Brodzki's third motion for temporary restraining order. (Doc. #12). Plaintiff requests this court to issue a temporary restraining order to "shut off the equipment . . . ." (Doc. #12). Plaintiff previously moved for temporary restraining orders on February 13, 2012, (doc. #7) and March 16, 2012 (doc. #9). The court denied those motions. (Docs. #8 and #11).

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).

**James C. Mahan**
**U.S. District Judge**

1   Plaintiff's requested relief is too vague to be appropriate for injunctive relief. Further,
2   plaintiff has not made a sufficient showing under the four *Winter* factors. (*See* Doc. #16).
3   Accordingly,
4   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Anthony
5   J. Brodzki's third motion for temporary restraining order (doc. #12) be, and the same hereby is,
6   DENIED.
7   DATED May 3, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -