UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY J. BRODZKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TARRANT COUNTY SHERIFF, ) <br> ) <br> Defendant. ) <br> ) | 2:12-cv-00040-JCM -VCF <br><br> **REPORT & RECOMMENDATION** |

Before the court is plaintiff Anthony J. Brodzki's Amended Complaint. (#6).

**I.  Background**

On January 10, 2012, plaintiff filed a motion/application to proceed *in forma pauperis* (#1) and attached his complaint thereto (#1-1). The court held a hearing on January 27, 2012, and plaintiff was permitted to appear telephonically. (#5). Following the hearing, the court issued an order granting plaintiff's motion/application (#1), ordering the clerk to file plaintiff's complaint (#1-1), and dismissing plaintiff's complaint (#1-1) without prejudice. (#3). The court held that dismissal was appropriate, because plaintiff had established neither federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332. *Id.* The court permitted plaintiff to file an amended complaint within 30 days from the date of the entry of the court's order. *Id.* On February 8, 2012, plaintiff filed his amended complaint. (#6).

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

    **A.**    **Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  In plaintiff's amended complaint, he alleges civil rights violations under 42 U.S.C. § 1983.  (#6).  A claim under this statute invokes the court's federal jurisdiction.

Plaintiff asserts violations of § 1983, and the 1st, 4th, 5th, and 14th Amendments. *Id.* To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). Plaintiff's amended complaint alleges claims against the Sheriff of Tarrant County. (#6). Therefore he satisfies the first requirement. *Monroe*, 365 U.S. 167.

In the court's first screening order, the court held that plaintiff did not satisfy the second requirement, because plaintiff failed to allege a deprivation of rights secured by the Constitution or federal statutes. (#3). Despite the fact that plaintiff's amended complaint was filed on the civil rights complaint form provided by the court's website and sets forth more detailed allegations, the amended complaint does not cure this deficiency. (#6). A factual basis for plaintiff's claim that the Sheriff of Tarrant County violated plaintiff's rights remains missing. *Id.* Plaintiff does not allege facts that support a claim for a violation of his freedom of speech, religion, press, assembly, or petition (1st Amendment), a violation of his rights against illegal search and seizure (4th Amendment), a violation of his rights against self-incrimination, due process, or double jeopardy (5th Amendment), or a violation of his rights under the due process clause or the equal protection clause (14th Amendment). *Id*. Therefore, plaintiff does not satisfy the second requirement to state a claim under § 1983. See *Gibson,* 781 F.2d 1334, 1338; *West,* 487 U.S. 42, 48; *Long,* 442 F.3d 1178, 1185. Federal-question jurisdiction does not exist. 28 U.S.C. § 1331.

**B.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions

3

in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." In the court's first screening order, the court held that plaintiff did not satisfy the second requirement, as plaintiff and defendant are citizens of the same state. (#3).

In plaintiff's amended complaint, he asserts damages of $50,000,000. (#6). Therefore, he has satisfied the first requirement. *See* 28 U.S.C. § 1332. Plaintiff states in his amended complaint that he is a citizen of Richland Hills, Texas, and that the defendant is a citizen of Fort Worth, Texas. (#6). Therefore, as the two parties are citizens of the same state, plaintiff has not established diversity of citizenship. *Huddleston v. Angeles Co-op Creamery,* 315 F.Supp. 307, 308 (W.D. Wash. 1970)(stating that for diversity purposes, domicile is determined as of the date the action is filed.). Plaintiff purports to establish diversity of citizenship by asserting that "pains and electronic torture forced departure from Tarrant by persons also Tarrant's personnel in Las Vegas too (sic)." (#6). However, diversity is established by demonstrating that the parties to the action are citizens of different states at the time the action is filed, and not by alleging that events occurred in a different state or that events caused a party to temporarily relocate to a different state. *See* 28 U.S.C. § 1332; *Huddleston*, 315 F.Supp. at 308 (stating that a "person is domiciled in the state in which he is physically present and intends to make his present home.").

As the court does not have jurisdiction over this action under 28 U.S.C. § 1331 or § 1332, the plaintiff's amended complaint (#6) should be dismissed. Since the plaintiff's claims would be subject to dismissal even if plaintiff were able to establish jurisdiction either under § 1331 or § 1332 (*See* Section II C), the court should dismiss plaintiff's complaint with prejudice.

**C.     Failure To State A Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

4

2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 129 S.Ct. at 1949 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Under 28 U.S.C. § 1915(e), the court has the power to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The facts alleged in plaintiff's amended complaint are difficult to follow and, in some cases, incomprehensible.  (#6).  Plaintiff alleges that the Tarrant County Sheriff "decided that [he is] an ex felon" and "that [he has] committed a felonious act," and that because of this, the sheriff and others think that they "have the constitutional right to torture [him]."  *Id.*  Plaintiff also alleges that the sheriff has committed "genocide" by ordering his police to "fire electronic jolts to [his] temple," which required plaintiff to be hospitalized.  *Id.*  In plaintiff's second count, he alleges that he was "electronically evicted by Tarrant County Sheriff and personnel," and that he was "pricked in the eye daily."  *Id.*  Plaintiff alleges that he was forced to go down to the "District Attorney and confess," and that electronic torture forced him to move from Tarrant County and from Las Vegas.  *Id.*  Plaintiff's third count alleges that the sheriff "has also allowed a picture of [him being] raped from 1970 to show up on a police department computer in March of 2008."  *Id.*  Plaintiff alleges that the rapist gave the photo to the police in 1970, and that the sheriff's secretary gives him "f-u's" when plaintiff asks about the photo.  *Id.*  Plaintiff seeks $50,000,000 for the alleged violations, and asks this court to enter a "TRO to stop all privacy[,] torture [and] harassment [to his] mind and body."  *Id*

The court finds that plaintiff's factual claims describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted.  *Neitzke*, 490 U.S. at 327-28.  As permitting plaintiff

5

to file a second amended complaint containing more factual allegation would not cure the deficiency, the court recommends dismissing plaintiff's amended complaint *with prejudice*. See *Cato*, 70 F.3d at 1106 (holding that when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.).

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that plaintiff Anthony J. Brodzki's Amended Complaint (#6) be DISMISSED *with prejudice*.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of May, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**